IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PATRICK CULLEN                                                                                    PLAINTIFF

v.                                              Civil No. 6:21-cv-06160

JARRETT CANTRELL, BILLY JOE                                                                         DEFENDANTS
BURROUGH, JR. (Hot Springs, Arkansas,
City Administrator), and CHRIS
CHAPMOND (Chief of Police, Hot Spring,
Arkansas)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Judgment on the Pleadings. (ECF No. 47).

### I.  BACKGROUND

#### A.  Procedural Background

On November 2, 2021, Plaintiff filed his Complaint in Garland County Circuit Court in Case No. 26CV-21-01667. (ECF No. 4). Defendants filed a Notice of Removal to this District on December 15, 2021. (ECF No. 1). Plaintiff filed several Motions to Amend, which were granted on January 27, 2022. (ECF Nos. 8, 10, 12, 18, 21). Plaintiff filed his First Amended Complaint on February 9, 2022. (ECF No. 23). Plaintiff then filed another Amended Complaint on February 14, 2022. (ECF No. 26). On February 18, 2022, Defendants filed their first Motion to Dismiss on the Pleadings. (ECF No. 29). In accordance with Court policy, Plaintiff was given the opportunity

to file either a Motion Response or an Amended Complaint. (ECF No. 33). Plaintiff filed a document labelled Second Amended Complaint and a Motion for Summary Judgment on March 7, 2022. (ECF Nos. 37, 38). Defendants' First Motion for Judgment on the Pleadings was denied as moot on March 8, 2022. (ECF No. 39). Plaintiff's Motion for Summary Judgment was denied as premature on March 11, 2022. (ECF No. 42).

After reviewing Plaintiff's Second Amended Complaint, the Court entered an Order directing Plaintiff to submit a Third Amended Complaint on the court-approved form. (ECF No. 41). Plaintiff submitted a Third Amended Complaint on March 23, 2022, and a Second Motion for Summary Judgment on March 24, 2022. (ECF Nos. 44, 45). The Second Motion for Summary Judgment was denied as both premature and not in accordance with the Local Rules of Civil Procedure on April 4, 2022. (ECF No. 51).

Defendants filed their Second Motion for Judgment on the Pleadings on March 29, 2022. (ECF No. 47). They simultaneously filed a Motion to Stay deadlines in the case until a ruling could be issued on the dispositive motion, which was granted on April 4, 2022. (ECF Nos. 49, 52). Plaintiff filed two Responses on April 6, 2022, and a Supplement on April 13, 2022. (ECF Nos. 53, 54, 55). Plaintiff then filed a Motion for Leave to File a Post-Argument Brief on August 22, 2022, which was denied the same day. (ECF Nos. 61, 62).

### B. Third Amended Complaint

Plaintiff alleges that Defendants "failed to perform their duties" when investigating a report that Plaintiff sexually assaulted Kathi Jo Brinkley on February 9, 2018. (ECF No. 44 at 4). Plaintiff identifies Defendant Cantrell as a detective with the Hot Springs Police Department. (*Id*. at 2). Plaintiff alleges that Defendant Cantrell "deposed" the alleged sexual assault victim on February 15, 2022, and then began his investigation. (*Id*. at 5). Plaintiff alleges that Defendant

Cantrell failed to follow department procedures because he did not interview any witnesses. (*Id*. at 5-6). Plaintiff alleges that Kathi Jo Brinkley fabricated the entire sexual assault incident, and Defendant Cantrell would have discovered this if he had followed police department procedures. (*Id*.). As support for this claim, Plaintiff points to the probable cause affidavit, which states that "another employee" called police. (*Id*. at 5). Plaintiff attached the probable cause affidavit as Exhibit A to his Complaint:

> On 02/12/2018 patrol officers with the Hot Springs Police Department responded to 306 West Saint Louis (Allstate Insurance) In reference to sexual assault by a known individual. Upon arrival, officers made contact with victim Kathi Brinkley.
>
> Kathi Brinkley the owner/agent of Allstate, Kathi Brinkley, reported an incident involving a subject that she knows as John Patrick Cullen that occurred on 02/09/2018. She prefaced her explanation of the incident by stating that she and other employees have interacted with Cullen before when he would come into their office and ask for a bottle of water or to use their rest room. She said that on 02/09/2018, Cullen walked into the office and asked for a bottle of water. She said that she told him that he could have one so she led him back into their office kitchen to the refrigerator. Once they were inside the kitchen, she said that Cullen suddenly grabbed her from behind and forcefully groped her breast. She recalled that he told her "I'm going to have you" when he grabbed her. She said she turned around and pushed Cullen away and demanded him to leave. She said he walked Into one of the rest rooms and locked himself inside. While he was inside the rest room, she continued to yell at him to get out of the business while another employee called police. Cullen eventually exited the rest room and ran out of the business prior to officers arrival.

(ECF No. 44-1*)*.

Plaintiff alleges that Defendant Chapman, the Chief of Police, and Defendant Cantrell's supervisor, failed to intervene in the investigation. (ECF No. 44 at 7). Plaintiff alleges that Defendant Burroughs, as City Director, is the "ultimate authority" for the City of Hot Springs, and is therefore responsible. (*Id*.).

Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id*. at 4). He seeks compensatory and punitive damages, and a declaratory judgment that stating that Defendant violated his constitutional rights. (*Id*. at 9).

### C. Motion for Judgment on the Pleadings

Defendants argue that Plaintiff's claims in this case are barred by the *Heck* doctrine. (ECF No. 48 at 1). Defendants state that Plaintiff's claims stem solely from his arrest and conviction for sexual assault in the second degree based on the February 9, 2018, incident in Garland County Circuit Court Case No. 26CR-18-246. (*Id*.). They point out that Plaintiff admitted in his initial Complaint that he pled no contest to the sexual assault charge on September 16, 2019. (*Id*.). Defendants also note that Plaintiff attached a copy of the Garland County Circuit Court hearing transcript where he pled no contest (ECF No. 1-1 at 40-52) to his first Complaint. (*Id*.). Finally, Defendants note that Plaintiff's conviction in Case No. 26CR-18-246 still stands. (*Id*.).

The Court has reviewed the state court docket for *State v. John Patrick Cullen*, Case No. 26CR-18-246.[1] Plaintiff was represented by counsel and pled no contest to Count One, sexual assault in the second degree. Count Two, for harassment, was dismissed *nolle prosequi*. Plaintiff has pursued post-conviction relief, but the conviction currently stands.

In his first Response document (ECF No. 53), Plaintiff argues he has provided sufficient facts in his Third Amended Complaint to survive Defendants' Motion to Dismiss, and further argues that the stay on discovery should be lifted. (*Id*. at 2). In his second Response document (ECF No. 54), Plaintiff argues that he pled no contest to the charge, which is not strictly a plea, but simply a statement that he would not contest the charge. As such, his no contest plea cannot

---

[1] Available at Arkansas Court Connect (last accessed Sept. 14, 2022).

4

be used as an admission elsewhere.² (*Id*. at 2). Plaintiff cites "139 P.2d 681, 689" in support of this argument.³ Plaintiff also argues that he had to take the plea deal offered because he is a seven-times convicted felon, while the assault victim owns an insurance company, has never had so much as a traffic ticket, and is a member of the Hot Springs Chamber of Commerce. (*Id*. at 16).

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. ANALYSIS

Plaintiff's claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

² In the remainder of his second Response document and in his Supplement (ECF No. 55), Plaintiff references numerous sections of the Hot Springs Police Department Policy and Procedure manual, various Federal Rules of Civil Procedure, discovery requests and responses in this case, and audio and video recording docket place markers presumably related to his arrest and conviction. Plaintiff does not present, and the Court cannot infer, any cognizable argument regarding the current motion in these materials.
³ Based on this citation, Plaintiff is citing to *Caminetti v. Imperial Mut. Life Ins. Co*, 139 P.2d 681, 689 (Cal. Ct. App. 1943).

conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff pled no contest to the sexual assault charge in Case No. 26CR-18-246. Plaintiff has not alleged that this conviction has been reversed, expunged, declared invalid, or called into question by a federal court with a writ of *habeas corpus*.  A review of Plaintiff's state court docket for the case indicates the conviction still stands.  Plaintiff's argument that his no contest plea exempts him from the *Heck* doctrine is without merit because "*Heck* is premised on a previous conviction, not the plea from which it may have resulted." *Nattress v. Lancaster County, Neb.*, Case No. 4:14-CV-3161, 2015 WL 4249493, at *5 (D. Neb. July 13, 2015) (collecting cases from the first, third, fifth, eighth, ninth and eleventh circuits); *see also Oglesby v. Lesan*, 929 F.3d 526, 535 (8th Cir. 2019) ("a plea of no contest in a matter forecloses a subsequent § 1983 claim . . ."). As such, Plaintiff's claims are *Heck*-barred, and dismissal of this case is appropriate.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 44) be DISMISSED WITHOUT PREJUDICE.[4]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[4] Dismissal of *Heck*-barred claims should be without prejudice so plaintiff can refile if he satisfies the *Heck* requirement. *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995).

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **23rd day of September 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE