IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PATRICK CULLEN                                                                                    PLAINTIFF

v.                                            Case No. 6:21-cv-6160

JARRETT CANTRELL, BILLY JOE
BURROUGH, JR. (Hot Springs, Arkansas,
City Administrator), and CHRIS CHAPMOND
(Chief of Police, Hot Springs, Arkansas)                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on September 23, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 64. Judge Bryant recommends dismissing Plaintiff John Patrick Cullen's Third Amended Complaint (ECF No. 44) without prejudice because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 64. Plaintiff has objected. ECF No. 65. The matter is ripe for consideration.

Plaintiff, in his Third Amended Complaint, brought an action pursuant to 42 U.S.C. § 1983, alleging that Defendants Jarrett Cantrell (a detective with the Hot Springs Police Department), Billy Joe Burrough, Jr. (a City Director for Hot Springs), and Chris Chapmond (the Chief of Police for the Hot Springs Police Department) deprived him of his constitutional rights when they "failed to perform their sworn duties." ECF No. 44, at 4. Plaintiff's Third Amended Complaint references an incident in 2018, when a Hot Springs woman reported that Plaintiff had sexually assaulted her. In Plaintiff's view, Defendants demonstrated "deliberate indifference" when investigating the report. ECF No. 44, at 4. Following that investigation, Plaintiff ultimately pled no contest to one count of sexual assault in the second degree. On March 29, 2022, Defendants filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's claims should be dismissed pursuant to *Heck*. ECF No. 47.

Judge Bryant recommends granting Defendants' Motion for Judgment on the Pleadings (ECF No. 47) and dismissing Plaintiff's Third Amended Complaint (ECF No. 44) without prejudice pursuant to *Heck*. Judge Bryant explains that, in *Heck*, the Supreme Court held that a prisoner cannot file a damages action pursuant to § 1983 for an allegedly unconstitutional conviction or imprisonment absent a showing that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Stated simply, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. As Judge Bryant explains, *Heck* bars the Plaintiff's instant claims because he "pled no contest to the sexual assault charge," "has not alleged that [the sexual assault conviction] has been reversed, expunged, declared invalid, or called into question by a federal court with a writ of *habeas corpus*," and, in fact, "still stands." ECF No. 64, at 6.

Plaintiff objects to Judge Bryant's recommendation. ECF No. 65. He states that he filed a writ of coram nobis and a writ of habeas corpus in Garland County Circuit Court, which were denied. ECF No. 65, at 4. Plaintiff contends that he has appealed the denial to the Arkansas Supreme Court and the appeal is still pending. ECF No. 65, at 4. He further explains that, should the Arkansas Supreme Court not find in his favor, he "will then file both with the federal court." ECF No. 65, at 4. Plaintiff argues that under *Heck*, he can bring the instant claims because he does not seek immediate release and because the claims are intended as a first step toward an eventual attack on his conviction. ECF No. 65, at 5-6.

However, the Supreme Court's language in *Heck* is clear:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, then complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

2

512 U.S. at 487. Further, the Eighth Circuit has expressly addressed *Heck* in the context of a § 1983 plaintiff's prior no contest plea, explaining that "a plea of no contest in a matter forecloses a subsequent § 1983 claim." *Oglesby v. Lesan*, 929 F.3d 526, 535 (8th Cir. 2019).

Ultimately, the Court finds no reason to depart from Judge Bryant's analysis and recommendation that Plaintiff's Third Amended Complaint should be dismissed without prejudice. Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. Defendants' Motion for Judgment on the Pleadings (ECF No. 47) is hereby **GRANTED**, and Plaintiffs' Third Amended Complaint (ECF No.44) is hereby **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiff's Motion to Dismiss Parties (ECF No. 63) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 14th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge